IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WHITAKER,

        Plaintiff,                    No. CIV S-10-1400 KJM EFB P

    vs.

CHEN, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed motions for injunctive relief. Dckt. Nos. 50, 54. Plaintiff alleges that he is being subjected to a variety of harassment and inhumane treatment by CDCR staff. *Id.* The court ordered defendants to respond to plaintiff's motions. Dckt. No. 57. Defendants have complied with the order. Dckt. Nos. 60, 61.

        To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a

1

plaintiff must make regarding his chances of success on the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff alleges that since he filed this lawsuit, he has suffered retaliation at the hands of CDCR staff, including harassment and inhumane treatment. Dckt. No. 50, 54. His first filing alleges that the ICC is making false charges to keep him in administrative segregation. Dckt. No. 50 at 3. He states that staff refuses to respond to his internal appeals and that CDCR is not following the "*Coleman* program guide." *Id.* at 5.

He further alleges that his legal mail and a book, *Prisoners' Self-Help Litigation Manual*, which was sent by the law firm of Rosen, Bien and Galvan, have been intercepted; that he has been denied access to the law library; that he has had to wait 2-3 weeks to get clean clothes or go to the yard, and that his mattress had bugs on it; that he has been put in the SHU on false charges, and made to serve two SHU terms for the same 115 violation; and that he has not been given writing supplies. Dckt. No. 50. He asks that the court order CDCR staff to stop harassing him, stop intercepting his legal mail and law books, stop denying him clean clothes, and have him removed from the SHU and transferred to Atascadero State Hospital. *Id.* He further states that he was recently denied parole for ten years and that he has mental health problems, including homicidal tendencies and psychosis, and physical health problems, including a heart murmur, chronic constipation, left-eye blindness, diabetes, and neuropathy of the hands and feet. *Id.*

Defendants have responded to many of plaintiff's complaints, and have submitted declarations and records in support of their opposition. Dckt. Nos. 60, 61. First, defendants argue that the court lacks jurisdiction to enjoin the warden of SAC, as he is not a party to this action. Dckt. No. 2-3. But Fed. R. Civ. P. 65(d) provides that an injunction binds the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with these people. However, because plaintiff's motion for preliminary injunction fails on the merits, the court need not decide whether the warden falls into one of these categories.

Regarding plaintiff's allegations that he has been denied law library access, defendants submit a declaration from J. Bradford, a CDCR law librarian, who attests that plaintiff has been granted law library access, but was denied Priority Library User status because he did not include a court deadline in his request. Dckt. No. 60-1. Defendants submit documents showing that plaintiff had law library access in December 2010, and that he requested PLU status in March 2011, but that he was denied because he did not claim to have a court-ordered deadline. *Id.*, Ex. 1, 2.

Regarding plaintiff's allegations that his mental health needs are not being met, defendants submit the declaration of R. Carter, a supervisor in the Psychiatric Services Unit at SAC. Dckt. No. 60-2 at 1. Carter declares that plaintiff has been housed in the PSU in the Medical Outpatient Housing Unit and the Mental Health Crisis Bed Unit since March 2011. He was in the MHCB unit between June 21 and July 5, 2011. *Id.* at 2. On July 5, 2011, he was transferred to the PSU. *Id.* He was provided clothing on June 21 and June 28, 2011. *Id.* at 2, 4, 5 (exhibit showing that clothing was provided on those dates). In addition, M. Di Ciro, Supervising Senior Psychologist at SAC, who is the clinical director of the MHCB unit, declares that plaintiff was determined to be a danger to himself due to his deteriorating mental health in June 2011, and was referred to the MHCB unit. Dckt. No. 60-3 at 2-3. There is an exercise yard in the unit, and plaintiff accessed it on June 29, 2011. He was unable to access the yard from

1  June 30 until July 5, because *Coleman* class members are not allowed to access the yard during
2  extreme heat. *Id.* at 3.

3  Defendants have also submitted the declaration of L. Johnson, the mailroom supervisor at
4  SAC. Dckt. No. 60-4 at 1-2. He declares that plaintiff has been provided his legal mail "since at
5  least June 7, 2011." *Id.* at 2. Plaintiff has received mail from Michael Bien of the law firm
6  Rosen, Bien and Galvan, attorney Barbara Michel, and the Department of Justice. *Id.* In
7  addition, defendants have submitted a medical record stating that plaintiff had a copy of the book
8  he specifically mentioned during a clinician's visit. Dckt. No. 61-2 at 24.

9  Plaintiff has not met his burden of showing that a preliminary injunction is warranted.
10 Notably, he has not demonstrated that irreparable harm will result if his motion is denied, or that
11 he is likely to succeed on the merits of any of his complaints. Although he states that he has
12 been harassed since he filed this lawsuit, he has not claimed that any specific harassment is
13 ongoing. Although he claims that he was falsely placed in administrative segregation,
14 defendants have presented evidence that plaintiff is no longer in administrative segregation.
15 Plaintiff claims that defendants are not complying with *Coleman*, but does not explain
16 specifically how they are failing to do so. Although plaintiff claims that his legal mail is not
17 being delivered, defendants have presented evidence that it has been delivered, and that plaintiff
18 has received the book that was sent to him. Plaintiff claims that he has had to wait 2-3 weeks to
19 get clean clothes or go to the yard, but defendants' exhibits show that he was provided clothes
20 weekly and went to the yard one time before the heat made the yard unsafe for *Coleman* class
21 members. The remainder of plaintiff's complaints do not allege that he will suffer harm at the
22 hands of CDCR staff, but are general complaints regarding his mental and physical health.

23 Accordingly, plaintiff has not demonstrated that he is likely to succeed on the merits of
24 his claims. Nor the court is not convinced that irreparable harm will result if his motion is
25 denied or that the balance of equities tips in his favor. Neither has plaintiff made a showing that
26 the injunction he seeks is in the public interest. Plaintiff's motion for injunctive relief should

1  therefore be denied.

2  Accordingly, it is hereby RECOMMENDED that plaintiff's motions for injunctive relief,
3  Dckt. Nos. 50, 54, be denied.

4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated: July 28, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE