1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH WHITAKER,

11                 Plaintiff,                    No. CIV S-10-1400 KJM EFB P

12          vs.

13   CHEN, et al.,

14                 Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He has filed two motions to appoint counsel.  Dckt. Nos. 63, 67.  The parties

18   have filed a stipulation to dismiss defendant Chen with prejudice.  Dckt. No. 65.  Plaintiff has

19   filed several documents stating that he mistakenly thought that a Dr. Tan was named Dr. Chen,

20   and he wishes to add Tan as a defendant.  Dckt. Nos. 63, 67, 68.  He has also filed a document

21   stating that he was unable to file objections to this court's July 28, 2011 findings and

22   recommendations because the library would not make a copy of the objections for him.  Dckt.

23   No. 66.  Finally, plaintiff has filed several letters explaining that he has been in and out of the

24   hospital.  Dckt. Nos. 69, 70, 71, 72.  Defendants have filed a motion to modify the scheduling

25   order.  Dckt. No. 73.

26   ////

                                               1

1    **I.       Motion to Appoint Counsel**

2            District courts lack authority to require counsel to represent indigent prisoners in

3    section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In

4    exceptional circumstances, the court may request counsel voluntarily to represent such a

5    plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood*

6    *v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no such

7    exceptional circumstances in this case.

8    **II.      Stipulation to Dismiss Chen with Prejudice**

9            The parties have filed a stipulation for the voluntary dismissal of defendant Dr. Chen

10   with prejudice.  Defendants filed their answer on March 11, 2011.  *See* Dckt. No. 36.  Under Fed.

11   R. Civ. P. 41(a)(1)(A)(ii), the plaintiff may voluntarily dismiss without a court order by filing a

12   stipulation signed by all of the parties who have appeared.  The parties have complied with the

13   rule.  The Clerk is directed to dismiss Dr. Chen from this action.

14   **III.     Request to add Dr. Tan as a Defendant**

15           Plaintiff seeks to add Dr. Tan as a defendant.  *See* Dckt. No. 76 at 3-4.  Plaintiff's

16   complaint contains claims against a Dr. Chen.  *Id.*  Plaintiff has since discovered that the

17   defendant's name is actually Dr. Tan.  *Id.*  Pursuant to Fed. R. Civ. P. 15 (a)(2), after 21 days

18   after an responsive pleading has been served, a party may only amend its pleading with the

19   opposing party's consent or with the court's leave, but the court should freely give leave when

20   justice so requires.

21           Local Rule 220 provides that any amended pleading "shall be retyped and filed so that it

22   is complete in itself without reference to the prior or superseded pleading."  Here, plaintiff has

23   not complied with this rule, as he has not filed a proposed amended complaint containing

24   allegations against Dr. Tan.  Therefore, the court denies plaintiff's request to add Dr. Tan as a

25   defendant without prejudice.

26   ////

1    If plaintiff wishes to add Dr. Tan as a defendant, he must file an amended complaint

2    containing all of his allegations against all defendants, including his allegations against Dr. Tan.

3    **IV.    Objections to July 28 Findings and Recommendations**

4    Plaintiff has filed a document stating that he was unable to get his objections to this

5    court's July 28 findings and recommendations copied, and therefore he did not file his

6    objections.  Dckt. No. 66.  To date, plaintiff has not filed objections.  Yet plaintiff has filed a

7    number of other documents.  *See* Dckt. Nos. 67-72.  Plaintiff does not explain why he was

8    unable to submit his objections, yet able to submit his other filings.  Nor does plaintiff explicitly

9    request an extension of time to file his objections.  As plaintiff has not clearly sought relief, the

10   court takes no action on this filing.

11   **V.    Modification of Scheduling Order**

12   Plaintiff has filed several documents explaining that he has been in and out of the

13   hospital.  *See* Dckt. Nos. 69, 70, 71, 72.  Defendants have filed a motion to modify the

14   scheduling order, asking that the deadline to file dispositive motions be extended until December

15   20, 2011.  Dckt. No. 73.  Defendants explain that plaintiff has been unable to litigate his case and

16   has been unable to review the transcript of his deposition because he was admitted to his prison's

17   Correctional Treatment Center.  *Id.* at 2.  Plaintiff was due to be discharged from the treatment

18   center on October 10, 2011.  *Id.*  It appears that there is good cause to modify the scheduling

19   order, and the court grants defendants' request.

20   **VI.    Conclusion**

21   Accordingly, IT IS HEREBY ORDERED that:

22   1.  Plaintiff's motions to appoint counsel are denied without prejudice.

23   2.  The Clerk is directed to dismiss defendant Chen.

24   ////

25   ////

26   ////

1       3.  The scheduling order is modified as follows: dispositive motions must be filed on or

2 before December 20, 2011.

3 DATED:  November 7, 2011.

                              EDMUND F. BRENNAN

                              UNITED STATES MAGISTRATE JUDGE