IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WHITAKER,

        Plaintiff,                    No. CIV S-10-1400 KJM EFB P

    vs.

CHEN, et al.,

        Defendants.          <u>ORDER</u>

                                         /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed two motions to appoint counsel. Dckt. Nos. 63, 67. The parties have filed a stipulation to dismiss defendant Chen with prejudice. Dckt. No. 65. Plaintiff has filed several documents stating that he mistakenly thought that a Dr. Tan was named Dr. Chen, and he wishes to add Tan as a defendant. Dckt. Nos. 63, 67, 68. He has also filed a document stating that he was unable to file objections to this court's July 28, 2011 findings and recommendations because the library would not make a copy of the objections for him. Dckt. No. 66. Finally, plaintiff has filed several letters explaining that he has been in and out of the hospital. Dckt. Nos. 69, 70, 71, 72. Defendants have filed a motion to modify the scheduling order. Dckt. No. 73.

////

1

## I. Motion to Appoint Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no such exceptional circumstances in this case.

## II. Stipulation to Dismiss Chen with Prejudice

The parties have filed a stipulation for the voluntary dismissal of defendant Dr. Chen with prejudice. Defendants filed their answer on March 11, 2011. *See* Dckt. No. 36. Under Fed. R. Civ. P. 41(a)(1)(A)(ii), the plaintiff may voluntarily dismiss without a court order by filing a stipulation signed by all of the parties who have appeared. The parties have complied with the rule. The Clerk is directed to dismiss Dr. Chen from this action.

## III. Request to add Dr. Tan as a Defendant

Plaintiff seeks to add Dr. Tan as a defendant. *See* Dckt. No. 76 at 3-4. Plaintiff's complaint contains claims against a Dr. Chen. *Id.* Plaintiff has since discovered that the defendant's name is actually Dr. Tan. *Id.* Pursuant to Fed. R. Civ. P. 15 (a)(2), after 21 days after an responsive pleading has been served, a party may only amend its pleading with the opposing party's consent or with the court's leave, but the court should freely give leave when justice so requires.

Local Rule 220 provides that any amended pleading "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Here, plaintiff has not complied with this rule, as he has not filed a proposed amended complaint containing allegations against Dr. Tan. Therefore, the court denies plaintiff's request to add Dr. Tan as a defendant without prejudice.

////

If plaintiff wishes to add Dr. Tan as a defendant, he must file an amended complaint containing all of his allegations against all defendants, including his allegations against Dr. Tan.

### IV.     Objections to July 28 Findings and Recommendations

Plaintiff has filed a document stating that he was unable to get his objections to this court's July 28 findings and recommendations copied, and therefore he did not file his objections. Dckt. No. 66. To date, plaintiff has not filed objections. Yet plaintiff has filed a number of other documents. *See* Dckt. Nos. 67-72. Plaintiff does not explain why he was unable to submit his objections, yet able to submit his other filings. Nor does plaintiff explicitly request an extension of time to file his objections. As plaintiff has not clearly sought relief, the court takes no action on this filing.

### V.     Modification of Scheduling Order

Plaintiff has filed several documents explaining that he has been in and out of the hospital. *See* Dckt. Nos. 69, 70, 71, 72. Defendants have filed a motion to modify the scheduling order, asking that the deadline to file dispositive motions be extended until December 20, 2011. Dckt. No. 73. Defendants explain that plaintiff has been unable to litigate his case and has been unable to review the transcript of his deposition because he was admitted to his prison's Correctional Treatment Center. *Id.* at 2. Plaintiff was due to be discharged from the treatment center on October 10, 2011. *Id.* It appears that there is good cause to modify the scheduling order, and the court grants defendants' request.

### VI.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to appoint counsel are denied without prejudice.

2. The Clerk is directed to dismiss defendant Chen.

////

////

////

3. The scheduling order is modified as follows: dispositive motions must be filed on or before December 20, 2011.

DATED: November 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4