IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WHITAKER,

        Plaintiff,                      No. 2:10-cv-1400 KJM EFB P

   vs.

CHEN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                                /

Plaintiff is a state prisoner proceeding without counsel in a civil rights action brought under 42 U.S.C. § 1983.[1] This action proceeds on plaintiff's claim that defendant Warfield was deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment when she "ordered psych medication that conflicted with lithium." Complaint (Dckt. No. 1), § IV; *see also* Screening Order (Dckt. No. 18).[2] Plaintiff has moved for summary judgment. Dckt. Nos. 80, 83. For the reasons discussed below, the motion must be denied.

////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

[2] This action proceeds against defendant Warfield only, as defendants Chen and Jaffe were previously dismissed. *See* Dckt. Nos. 33, 74.

1

## I.  Background

According to the complaint, defendant "ordered psych medication that conflicted with lithium," and put plaintiff in the Enhanced Outpatient Program (EOP) even though she knew that plaintiff "could barely walk." Dckt. No. 1, § IV.  Attached to the complaint are copies of medical records indicating that in mid-June of 2008, plaintiff experienced symptoms of a "medication overdose," and/or "lithium toxicity." *See id.* at 5, 8, 9, 12, 15, 17.

Plaintiff claims that it was defendant and/or the Interdisciplinary Treatment Team (IDTT) that caused plaintiff's alleged medication overdose/lithium toxicity, and that defendant, as the leader of the IDTT, is liable. *See* Dckt. No. 80 at 7; Dckt. No. 81 at 1; Dckt. No. 92 at 2. Further, plaintiff contends that the reason defendant moved him to the Enhanced Outpatient Program was to "cover up" the alleged overdose.  Dckt. No. 80 at 4, 6; Dckt. No. 89 at 4-5.

## II.  Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

2

under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S.

1  at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing
2  law will properly preclude the entry of summary judgment."). Whether a factual dispute is
3  material is determined by the substantive law applicable for the claim in question. *Id.* If the
4  opposing party is unable to produce evidence sufficient to establish a required element of its
5  claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning
6  an essential element of the nonmoving party's case necessarily renders all other facts
7  immaterial." *Celotex*, 477 U.S. at 322.

8  Second, the dispute must be genuine. In determining whether a factual dispute is genuine
9  the court must again focus on which party bears the burden of proof on the factual issue in
10 question. Where the party opposing summary judgment would bear the burden of proof at trial
11 on the factual issue in dispute, that party must produce evidence sufficient to support its factual
12 claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.
13 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit
14 or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue
15 for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to
16 demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such
17 that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,
18 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

19 The court does not determine witness credibility. It believes the opposing party's
20 evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;
21 *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the
22 proponent must adduce evidence of a factual predicate from which to draw inferences. *American*
23 *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,
24 dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts
25 at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441
26 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational

4

trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex.*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

**III.     Deliberate Indifference Standard Under the Eighth Amendment**

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837

5

(1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**IV.    Discussion**

Defendant contends that plaintiff's motion should be denied because plaintiff produces no evidence that defendant was deliberately indifferent to his medical needs, nor has he established the absence of a genuine issue as to any material fact. Having carefully reviewed the evidence submitted with plaintiff's motion and construing the facts in the light most favorable to defendant, the court concludes that plaintiff's motion should be denied.

Plaintiff seeks summary judgment over factual issues for which he, not defendants, bears the burden of proof. Therefore, he cannot demonstrate the absence of a genuine material factual issue by simply resting on the allegations of his complaint. In moving for summary judgment, plaintiff refers to the medical records attached as exhibits to his complaint, which reveal that he

6

may have suffered from a medication overdose and/or lithium toxicity on or around June 16, 2008.[3]  Dckt. No. 80 at 5-6; Dckt. No. 83 at 2; Dckt. No. 1 at 5, 8, 9, 12, 13, 15, 17.  Plaintiff argues that a Dr. Tan, the defendant, and the IDTT gave him too much lithium, and that defendant, as leader of the IDTT, is liable for Dr. Tan's acts and the acts of the IDTT.  Dckt. No. 83 at 1; Dckt. No. 86 at 1; Dckt. No. 92 at 2, 3 (arguing for liability based on a theory of respondeat superior).  Plaintiff also argues that "it really makes no difference who ordered the psych meds all that matters [is] that IDTT members conspir[ed] to cover up a misused abuse of psych meds . . . ."  Dckt. No. 89 at 5.

According to plaintiff, the reason that defendant referred him to the EOP was to cover up the lithium overdose and to place the blame for the overdose on EOP medical staff.  Dckt. No. 80 at 4, 6; Dckt. No. 92 at 3.  In an unsworn filing, plaintiff claims that by referring him to the EOP, he was removed from the special needs yard and placed in the EOP general population.  Dckt. No. 80 at 4, 6.  He contends that EOP and general population inmates have a history of attacking special needs inmates and that defendant knew this.  Dckt. No. 83 at 3.

Plaintiff seeks to hold defendant liable for his medication overdose, but he does not submit any evidence demonstrating that defendant was responsible for managing his medication dosage levels, or that she was even aware of any circumstances from which she could draw the inference that plaintiff would experience a medication overdose or adverse reaction. Plaintiff argues that defendant should nevertheless be liable because of her leadership role on the IDTT.   But under this theory of liability, plaintiff still must show defendant's "personal involvement in the constitutional deprivation," or "a sufficient causal connection between the [defendant]'s wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652 F.3d 1202,

---

[3] Defendant objects to the medical records attached to the complaint as unauthenticated.  Dckt. No. 87 at 2.  However, there does not appear to be any genuine dispute as to the accuracy of the evidence submitted, and defendant's objection to the evidence is overruled.  *See Burch v. Regents of the University of California*, 433 F. Supp. 2d 1110, 1118-1124 (E. D. Cal. 2006) (on summary judgment, court may consider evidence which, regardless of its form, may be admissible at trial).

1  1207 (9th Cir. 2011). Here, plaintiff has not come forward on this motion with any evidence
2  demonstrating that defendant was personally involved in managing his medication dosage levels
3  or otherwise caused plaintiff to experience a medication overdose, let alone that there is no
4  genuine factual dispute in that regard.

5  Plaintiff also claims that defendant's decision to refer him to the EOP amounted to a
6  constitutional deprivation because it was only done to "cover up" his medication overdose, and
7  apparently put him at risk as a "sensitive needs" inmate. However, plaintiff fails to submit any
8  evidence to support these claims. Rather, plaintiff's own evidence shows that on June 9, 2008,
9  medical staff noted that he "appear[ed] to be decompensating" and may "change to EOP level of
10 care if [he] gets worse over next week." Dckt. No. 83, Ex. A (June 9, 2008 Mental Health
11 Treatment Plan). This evidence undermines plaintiff's argument that his placement in the EOP
12 was done to "cover up" a medication overdose that happened on or around June 16, 2008, and
13 there is no basis on which the court can conclude that plaintiff is entitled to judgment in his favor
14 on the issue as a matter of law.

15 Thus, plaintiff fails to submit any evidence demonstrating that defendant chose a course
16 of treatment that "was medically unacceptable under the circumstances" or that defendant chose
17 the "course in conscious disregard of an excessive risk to plaintiff's health." *See Jackson*, 90
18 F.3d at 332; *Farmer*, 511 U.S. at 835 (deliberate indifference requires subjective recklessness);
19 *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) (to know of the excessive risk,
20 defendant must actually draw the inference that a substantial risk of serious harm exists). Simply
21 put, there is no evidence submitted on this motion that defendant's endorsement of plaintiff to
22 the EOP level-of-care violated the Eighth Amendment. Furthermore, plaintiff's disagreement
23 with defendant's decision is simply a difference of opinion regarding proper medical care, and
24 does not amount to deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir
25 1989).
26 ////

Because plaintiff has not shown an absence of material factual issues and that he should be granted judgment as a matter of law,[4] IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment (Dckt. Nos. 80, 83) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 8, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Indeed, he fails to produce evidence of defendant's deliberate indifference to his medical needs.

9